

U.S. Department of Justice

United States Attorney
Eastern District of New York

LHE
F. #2019R00029

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 23, 2022

**TO BE FILED UNDER SEAL**

By ECF and E-Mail

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Robert Sylvester Kelly
                  Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter in response to the defendant's September 21, 2022 submission relating to restitution, which was filed under seal. For the reasons set forth herein, the government maintains, consistent with its prior submissions, that the Court should order restitution to Jane, Stephanie and Sonja as previously requested.

I.      Jane

      The defendant challenges the government's proposal that Jane be paid restitution to compensate her for expenses relating to herpes treatment, psychological treatment and lost wages. Def. Ltr. at 1-6. Turning first to Jane's losses incurred through the cost of herpes treatment, the defendant argues that because the government cannot establish with precision that Jane contracted herpes during various interstate trips that gave rise to Racketeering Acts Eight and Nine and Counts Two through Five, Jane is not entitled to restitution for expenses incurred in treating herpes. Id. at 2. While the defendant is correct that restitution can be awarded only for losses incurred as a consequence of am offense of conviction, see United States v. Gushlak, 728 F.3d 184, 195 n.7 (2d Cir. 2013) (observing that a court may order restitution for a "loss caused by the specific conduct forming the basis of the offense of conviction"), his proposed approach is far too narrow. Even if the defendant did not infect Jane with herpes during the specific sexual crimes that occurred during the interstate trips, the defendant was convicted, in Count One, of racketeering, which offense

encompassed a pattern of criminal conduct that victimized a number of individuals, including, but not limited to, the individuals as to which the government seeks restitution. A racketeering conviction punishes "the pattern of activity, not the predicates." United States v. Basciano, 599 F.3d 184, 205 (2d Cir. 2010). Jane is a victim of both the defendant's pattern of racketeering and several specific racketeering acts, and is entitled to restitution for her losses under 18 U.S.C. § 3663. 18 U.S.C. § 3663(a)(2) ("For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.") (emphasis added); see United States v. Catoggio, 326 F.3d 323, 327-29 (2d Cir. 2003) (finding that restitution was owed to all victims of defendant's racketeering activity, and remanding the case for the district court to specifically identify those victims).

The defendant also challenges the government's calculation of the losses incurred and to be incurred by Jane in connection with her treatment for herpes, which she contracted as a result of the defendant's racketeering activity. First, the defendant claims that the government's assertion that Jane will follow a suppressive regimen is unduly conjectural. The government respectfully submits that given that the defendant's criminal acts led Jane to contracting an incurable disease, Jane should be awarded restitution in the full amount of her loss, which should fairly encompass a full scope of treatment, including suppressive treatment. This would be in line with the purpose of restitution—to make victims whole. See United States v. Donaghy, 570 F. Supp. 2d 411, 423 (E.D.N.Y. 2008) ("[u]ncertainties with respect to the amount in question should be resolved in favor of the victim in accord with the statutory focus on making the victim whole."); United States v. Boccagna, 450 F.3d 107, 119 (2d Cir.2006) ("[R]estitution attempts to compensate for loss by restoring the victim to a position he occupied before the injurious event." (internal quotations and alterations omitted)); United States v. Coriaty, 300 F.3d 244, 253 (2d Cir.2002) (observing "the statutory focus on the victim's losses and upon making victims whole").

Second, the defendant claims that the government's estimate of the cost of Jane's treatment is inflated because the government used the cost for the brand-name medication Valtrex, rather than the generic medication. Again, the defendant is responsible for Jane needing any herpes treatment at all, and it would be contrary to the interests of justice, and to the purposes of restitution, to allow the defendant to dictate that Jane must pursue the cheapest course of treatment in order to minimize his restitution expenses. The law imposes no obligation on crime victims to engage in such bargain hunting, and the defendant should be held responsible for the full reasonably estimated cost.

Finally, the defendant argues that the restitution order should not encompass the cost of Jane's annual gynecological exam. The government respectfully submits that this expense is fairly included, because while such medical treatment is recommended for all women, for those afflicted with a lifelong sexual transmitted illness, such as Jane, it is not merely a recommendation but necessary for her to receive adequate medical care.

Consequently, this cost does bear a causal relationship to the defendant's crimes and should be included in her restitution order.

   The defendant next challenges the government's proposed inclusion of Jane's lost wages in the restitution order as unduly speculative. As set forth in the government's June 17, 2022 submission, the defendant's racketeering conduct encompassed his prevention of her obtaining outside employment for approximately 3.75 years, as well as forced labor. The government's estimate of her losses by virtue of the defendant's acts, based on the prevailing federal minimum wage, is conservative, and should be included in the restitution order.

   Finally, the defendant objects to paying restitution to Jane to cover her mental health treatment. As set forth in the government's June 17, 2022 letter, the government's estimate of the minimum period for which Jane is likely to require mental health treatment is equivalent to the period in which she was victimized by the defendant's criminal conduct. June 17, 2022 Ltr. at 4. The defendant also challenges the government's estimate of $100 per therapy session by reference to that fact that another of the defendant's victims, Stephanie, was historically able to obtain therapy at a rate of $75 per session. Again, there is no obligation on the part of the defendant's victims to minimize his restitution obligation through bargain hunting. They are entitled to full compensation for their losses, and $100 remains a conservative and reasonable estimate of Jane's per session psychological treatment cost. The government respectfully requests that the defendant be ordered to compensate Jane for these mental health costs.

II. <u>Stephanie</u>

   The defendant also objects to paying restitution to Stephanie to compensate her for the expense of her herpes treatment. Def. Ltr. at 6-7. First, the defendant claims that he should not need to pay Stephanie for treatment dating back to 1999, because he first sought treatment for herpes in 2000, insinuating that Stephanie somehow contracted herpes through some other means. As Stephanie testified, however, she first had sex with the defendant in 1999, when she was seventeen. Trial Tr. at 1633. They then commenced a sexual relationship involving sexual contact six to eight times a month for a period of approximately six months. <u>Id.</u> at 1634. During this period, the defendant produced pornographic videos of sexual conduct with Stephanie. Throughout this time, the defendant was the only person with whom she as having sexual contact, and she was diagnosed with herpes during the course of her relationship. <u>See</u> 3500-SW1 at 3. Per defense counsel, the defendant was not treated with herpes until 2000, however, that does not mean he did not have herpes during his relationship with Stephanie, because herpes infections can be asymptomatic. <u>See</u> Center for Disease Control, "Genital Herpes Fact Sheet," available at https://www.cdc.gov/std/herpes/stdfact-herpes-detailed.htm#:~:text=Most%20individuals%20infected%20with%20HSV,mistaken%20for%20another%20skin%20condition.&text=When%20symptoms%20do%20occur%2C%20herpes,the%20genitals%2C%20rectum%20or%20mouth. Under the preponderance of the evidence standard, these facts establish that the defendant should be held liable for restitution

for Stephanie's herpes treatment. See Gushlak, 728 F.3d at 195 (any dispute as to the appropriate amount of restitution should be governed by the preponderance of the evidence standard).

The defendant also objects to paying restitution to Stephanie on the grounds that the government has not established that he infected Stephanie with herpes during the specific incidents of child exploitation charged as Racketeering Act Two. Def. Ltr. at 7. As explained supra however, the defendant was convicted of a pattern of racketeering conduct, including Racketeering Act 2, and Stephanie was a victim of his racketeering conduct. Consequently, she is entitled to restitution for her treatment.

III. Sonja

Finally, the defendant argues that he does not owe restitution to Sonja, because he was not convicted of the counts as to which Sonja was specifically named a victim. Def. Ltr. at 7-8. The government disagrees, and submits that Sonja was a victim of the defendant's racketeering activity, as established by a preponderance of the evidence, and that consequently he should be required to compensate her for the expense of her psychiatric treatment as restitution for his conviction of racketeering.

IV. Request for Sealing

The government respectfully requests that (a) this letter be filed under seal and (b) any restitution order and any related documents be filed under seal or redacted in a manner to prevent public disclosure of the victims' identities or any other identifying information that would undermine their continued anonymity consistent with the Court's previous orders. Under these circumstances, the privacy interests of the victims outweigh the public's qualified right to access. As the facts set forth above, and in prior filings, provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), the government respectfully requests that the Court record those findings and file this letter under seal.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Lauren Howard Elbert
Lauren Howard Elbert
Assistant U.S. Attorney
(718) 254-7577

cc: Clerk of Court (by ECF)
      Defense counsel (by E-mail)