

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LHE
F. #2019R00029

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 5, 2022

**TO BE FILED UNDER SEAL**

By ECF and E-Mail

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Robert Sylvester Kelly
                  Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

        The government respectfully submits this letter following the restitution hearing held before the Court on September 28, 2022, to (a) submit a revised calculation of restitution owed to Stephanie for the cost of her herpes treatment and (b) propose a schedule of payment for restitution.

I.        Revised Calculation

        As the Court observed at the September 28, 2022 hearing, Stephanie currently takes the generic form of Valtrex, valacyclovir. Based upon that prescription, the Court asked the government to adjust her historic cost of medication to reflect the generic price. The government lacks specific information as to which form of the medication Stephanie was prescribed historically. Based upon the government's research, valacyclovir was first available on the market as a generic form of Valtrex in 2007, at the end of the 20-year patent applicable to the name-brand form of Valtrex, which was first patented in 1987. See https://www.drugs.com/availability/generic-valtrex.html. Thus, it is reasonable to estimate

that for the period of 2000 – 2006, before generic valacylcovir was available,[1] Stephanie was prescribed Valtrex, at an estimated cost of $421.29 per prescription, approximately 8 times a year, yielding a total expense of $23,592.24. The government has adjusted the amount of restitution for the period from 2007 through 2015, when Stephanie obtained insurance that began covering a portion of her medication costs, to reflect the bottom end of the range of generic out-of-pocket medication expenses, or $15.31 per monthly prescription, 8 times a year. That yields a total cost for the 2007-2015 period of $979.84. Added to her past costs in the form of copays since she obtained insurance in 2015, and her future costs for the rest of her life, which assume that she retains insurance, the government respectfully submits that $45,587.20 is the appropriate award of restitution for Stephanie to compensate her for her expenses relating to herpes treatment. Together with restitution in the amount of $8,400 for her past therapy expenses, the defendant should be ordered to pay Stephanie $53,987.20 in restitution.

II.    Schedule of Restitution

With regard to a schedule of restitution payments, as described by the government at the sentencing hearing, the government understands that there remains a future prospect of the defendant receiving meaningful income in the form of royalties in connection with his performing arts copyrights and recording copyrights. See Sent'g Tr. at 28-29. As explained at the sentencing hearing, Sony is currently retaining the royalties associated with the defendant's recording copyrights due to outstanding default judgments. The defendant's music, however, continues to generate substantial royalties, indeed it seems that his recordings have seen an increase in popularity due to media coverage of this and related prosecutions. See Dellatto, Melissa, "R. Kelly Music Popularity Surges After Guilty Verdict in Sex Trafficking Case," Forbes, April 21, 2022, available at https://www.forbes.com/sites/marisadellatto/2021/10/08/r-kelly-music-popularity-surges-after-guilty-verdict-in-sex-trafficking-case/?sh=6ecf86c53c4b. Therefore there is a reasonable prospect that once those default judgments are resolved or paid, the defendant will again continue to receive royalty payments. In addition, as discussed at sentencing, the government understands that pursuant to an agreement between a company called Music Royalty Consulting Inc. ("MRCI") and the defendant's friend ▮▮▮▮▮▮▮ who was identified as his agent for the purposes of the agreement, his performing arts copyright was sold to MRCI for a sum of $5 million. This agreement was subject to various conditions, including diligence conditions, that the government understands from conversations with counsel to MRCI have yet to be met, and accordingly the funds have not been paid. However, the agreement remains in force, and should the conditions be met in the future, the defendant, via ▮▮▮▮▮ would be paid a substantial sum.

---

[1] While Stephanie recalls being diagnosed with herpes in 1999, during the year she had a relationship with the defendant, the government begins calculating her prescription expense in January 2000 to be conservative.

Given the realistic prospect of the defendant's financial circumstances changing in the future, the government respectfully submits that his restitution obligation should be ordered due immediately, and be required to be paid at a rate of at least 25% of the defendant's monthly income while incarcerated, and that the defendant be required to file annual sworn financial affidavits stating his assets and income for the period of his incarceration and continuing until his restitution obligations are fully discharged. The government further respectfully submits that the defendant should be required to disclose in those financial statements any income received by any entities or parties in which the defendant has a stake or which are paid for the benefit of the defendant. The Order should reflect that the Court may adjust the payment schedule depending upon the information supplied in connection with the annual financial affidavits. Such an arrangement would serve the purpose of making crime victims whole and avoiding "unwarranted delays in compensation . . . when a defendant's financial condition proves more favorable than predicted at sentencing." United States v. Kyles, 601 F.3d 78, 86 (2010).

The government further observes that the defendant's obligation to pay restitution takes priority over his fine under 18 U.S.C. § 3612(c). See 18 U.S.C. §§ 3612(c), 3014; U.S.S.G. § 5E1.1(c). Attached hereto as Exhibit A is a proposed order to the Court asking that the $27,828.24 seized from the defendant's inmate trust account be provided first to his special assessment, if it remains outstanding, and next to his restitution obligations, as required by 18 U.S.C. § 3612(c). Also attached as Exhibit B is a proposed order of restitution.

Because this letter refers to victim's personal health information, the government respectfully submits it should be remain under seal. The government further submits that the Proposed Order be maintained under seal as it identifies victims by the their true names. The government is prepared to publicly file redacted copies upon a ruling from the Court regarding its previously proposed redactions.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/ Lauren Howard Elbert
Lauren Howard Elbert
Assistant U.S. Attorney
(718) 254-7577

cc:    Clerk of Court (by ECF)
       Defense counsel (by E-mail)