

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

June 27, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     *United States v. Kelly,* 19 CR 286 (AMD)

Dear Judge Donnelly:

    Defendant files this response to the government's request for restitution in the amount of $357, 218.18 for Jane and $5200 for Sonja. Defendant objects to restitution where the government has failed to prove that Jane and Sonja suffered actual losses. *United States v. Maynard,* 743 F. 3d 374, 378 (2d Cir. 2014) (only a victim's "actual loss" is compensable, not losses that are hypothetical or speculative.)

    The government contends that Jane will incur $281,168.18 for medical expenses associated with medical treatment related to contracting genital herpes from Defendant. The government offers no support for this contention other proposing an amount based on multiplying its best estimate of the cost of an annual visit to the gynecologist for an uninsured individual plus the annual cost of Valtrex by Jane's life expectancy. The government does not even assert that Jane is an uninsured individual. Jane has allegedly been afflicted with Herpes for many years. Presumably, Jane has documentation of the actual costs associated with treating Herpes. The government has failed to provide any documentation to support this request for restitution. The request for restitution is speculative and should be denied.

    The government contends that Jane incurred expenses for psychological treatment and seeks restitution for future psychological treatment. Again, the government offers *no* supporting evidence to show that Jane has ever received therapy or even intends to seek therapy in the future. The government does not even disclose when Jane previously received therapy and for how long. The government opines that Jane will require therapy for 3.75 years but fails to explain its methodology for reaching this estimate and does not offer even a sworn statement from any witness, including Jane, that confirms that she intends to obtain therapy. Furthermore, the government must show that the psychological treatment Jane has sought and intends to seek is the "proximate result" of the offenses for which Defendant was convicted. Again, the government has offered no facts whatsoever



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

to support this request and this Court is no position to determine whether there is any causal connection between Jane's past or future psychological treatment and the offenses for which Defendant was convicted.

The government also seeks restitution on behalf of Jane based on the fact that she dropped out of high school and "lost the opportunity to obtain a college scholarship based on her musical talent." This statement without more does not prove by any standard that Jane suffered "actual losses." The record shows that Jane did not attend her senior year of high school because she chose not to. The record is devoid of evidence that Defendant forced or induced her to drop out of school. The record does not reflect that she was eligible for any scholarship, and we only have the government's vague claim of a lost college opportunity as grounds for restitution.

Last, the government alleges that Jane is entitled to restitution for lost income. The government pulls a number out of thin air based on the assumption that Jane would have worked a minimum-wage job if Defendant had not prevented her from doing so. The record does not support this speculative assertion.

In sum, the government has not satisfied its burden of proving by a preponderance of the evidence that Jane has suffered actual losses in the amount of $357, 218.18.

Separately, hypothetical psychiatric costs for Sonja in the amount of $5200 are not justified. The government offers no evidence whatsoever to show that Sonja has any intention of seeking therapy and fails to explain how it arrived at the conclusion that Sonja will require a year of therapy. Furthermore, the record is entirely devoid of information establishing a "proximate cause" between Defendant's conduct (for which he was acquitted) and the future therapy she claims she will undergo.

Restitution is designed to make victims whole, not to punish perpetrators. The government concedes that it must show actual losses by a preponderance of the evidence. Apart from bald statements in its June 17, 2022, letter the government has offered no support for its restitution arguments. Accordingly, this Court should deny the government's request for restitution. Alternatively, this Court should conduct a hearing consistent with the statute that would require the government to prove actual losses.


750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

Respectfully Submitted,

/s/JENNIFER BONJEAN

cc: AUSA Elizabeth Geddes (via ECF)
AUSA Maria Melendez Cruz (via ECF)
AUSA Nadia Shihata (via ECF)